UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PIERRE DOUGLAS GARDNER,

        Plaintiff,

v.

WILLIAM E. DUFFIN,

        Defendant.

Case No. 24-CV-1090-JPS

**ORDER**

      Plaintiff Pierre Douglas Gardner, an inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On September 17, 2024, the Court screened Plaintiff's complaint, dismissed it for the failure to state a claim, and entered judgment according. ECF Nos. 7, 8. On December 1, 2025, Plaintiff filed a motion for an order granting permission to pay his remaining fee balance using funds in his release account. ECF No. 11.

      The Court will deny Plaintiff's motion to use funds from his release account. This Court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee ("IPFF"). *See, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize the courts to order that…a prisoner's release account be made available [to pay an IPFF]"). However, this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's]

rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Permitting a prisoner to invade a release account for litigation costs could harm that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is particularly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of his legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). As such, the Court is obliged to deny Plaintiff's motion for an order granting permission to pay his remaining balance using funds in release account.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an order granting permission to pay balance using funds in release account, ECF No. 11, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge